**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GARY RHINES | : | |
| Petitioner | : | CIVIL ACTION NO. 3:19-1825 |
| v. | : | (JUDGE MANNION) |
| | : | |
| PA BD OF PROB ANDPAROLE, | : | |
| Respondents | : | |
| | : | |

**MEMORANDUM**

Petitioner, Gary Rhines, an inmate confined in the State Correctional Institution, Coal Township, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). He challenges a decision by the Pennsylvania Board of Probation and Parole ("the Board") to recalculate his parole maximum date. Id. The petition is ripe for disposition. For the reasons outlined below, the petition will be dismissed.

**I.     Background**

On February 18, 1997, Rhines was sentenced to twenty-six to fifty-two months incarceration, after having been convicted of two counts of Possession with Intent to Deliver a Controlled Substance. (Doc. 18-1 at 2).

Rhines' controlling minimum sentence date at institution number DE-6737 expired on June 2, 1998 and his original controlling maximum sentence date expired on August 2, 2000. Id.

On November 19, 1997, Rhines was released on parole. (Doc. 18-1 at 6).

By a decision dated April 4, 2000, the Board recommitted Rhines as a technical and convicted parole violator to serve 12 months incarceration, and recalculated Rhines' maximum sentence date to October 4, 2002. (Doc. 18-1 at 8).

On April 29, 2001, the Board released Rhines on parole to an approved home plan. (Doc. 18-1 at 11).

On August 23, 2001, Rhines was arrested by Williamsport Police Department and charged with Criminal Conspiracy and Violating the Controlled Substances Act. (Doc. 18-1 at 15). Also, on August 24, 2001, the Board lodged its detainer against Rhines. (Doc. 18-1 at 17).

On September 27, 2001, Rhines was indicted by a federal grand jury and charged with Delivery of a Controlled Substance and Possession with Intent to Deliver a Controlled Substance. (Doc. 18-1 at 19).

By decision mailed November 19, 2001, the Board recommitted Rhines as a technical parole violator to serve twelve months backtime for violating condition #5A (Use of Drugs) of his parole. (Doc. 18-1 at 25).

On April 22, 2001, Rhines was convicted by a jury in federal court of the crime of Possession with Intent to Distribute a Controlled Substance. (Doc. [18-1](#) at 27).

On June 25, 2002, the Board recommitted Rhines as a convicted parole violator to serve 18 months backtime for being convicted of the crime of Possession with Intent to Distribute a Controlled Substance. (Doc. [18-1](#) at 31).

On July 1, 2001, Rhines was sentenced on his federal charge to imprisonment for the remainder of his natural life. (Doc. [18-1](#) at 33).

On September 13, 2004, the Board lodged its detainer against Rhines while serving his federal sentence. (Doc. [18-1](#) at 41).

On July 24, 2019, Rhines was released from his life sentence and returned to the custody of the Pennsylvania Department of Corrections. (Doc. [18-1](#) at 43).

By a decision rendered July 29, 2019, the Board recalculated Rhines maximum sentence date on his original sentence at Institution Number DE-6737 to be December 28, 2020. (Doc. [18-1](#) at 45).

On October 22, 2019, Petition filed the instant petition for writ of habeas corpus, in which he challenges the Board's July 29, 2019 recalculation of his maximum sentence date. (Doc. [1](#)).

## II. Discussion

Respondent seeks dismissal of the petition based on Rhine's failure to seek final administrative review and exhaust his state court remedies. Absent unusual circumstances, federal courts will not consider the merits of a claim for habeas corpus unless the petitioner has complied with the exhaustion requirement set out at 28 U.S.C. §2254(b)(1)(A). This provision requires that the petitioner give the state courts a fair opportunity to review his allegations of constitutional error before seeking relief in the federal court. See Baldwin v. Reese, 541 U.S. 27, 29 (2004). Pursuant to the habeas statute, a petitioner has not exhausted the remedies available in the courts of the state "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. §2254(c).

To properly exhaust a claim involving a determination by the Parole Board, the petitioner must first seek administrative review with the Parole Board within thirty days of the mailing date of the Board's decision. See 37 Pa. Code §73.1(a). Once the Parole Board has rendered a final decision, the petitioner must seek review in the Commonwealth Court. See 42 Pa.C.S.A. §763(a). Unlike appeals and collateral review of convictions, a petitioner challenging the Commonwealth Court's denial of parole relief must seek review in the Pennsylvania Supreme Court in order to satisfy the exhaustion

requirement. Pagan v. Pennsylvania Bd. of Prob. and Parole, 2009 WL 210488 *3 (E.D. Pa. January 22, 2009); see also Brown v. Pennsylvania Bd. of Prob. and Parole, 2010 WL 2991166 (E.D. Pa. July 28, 2010). If the petitioner fails to seek review from the Supreme Court of Pennsylvania, then the state claim is unexhausted. See Williams v. Wynder, 232 Fed. App'x. 177, 181 (3d Cir. 2007).

The record reveals that Petitioner failed to seek administrative review with the Parole Board within thirty days of the mailing date of the Board's decision recalculating his maximum date. Although the Board's July 29, 2019 decision notified Rhines of his right to appeal within thirty days, the record reveals that Petitioner took no action prior to filing the instant petition for writ of habeas corpus on October 22, 2019. Thus, Rhines denied the Board the opportunity to address his claims and, as such, his claims were not "fairly presented" at the state level. Because Petitioner denied the Board the opportunity to address his recalculation claim, he waived his right to judicial review of the recalculation decision under Pennsylvania law. See 2 Pa. C.S. §703(a); Pa. R.A.P. 1551(a); McCaskill v. Pennsylvania Board of Probation and Parole, 158 Pa. Commw. Ct. 450, 631 A.2d 1092 (1993); Newsome v. Pennsylvania Board of Probation and Parole, 123 Pa. Commw. Ct. 413, 553 A.2d 1050 (1989).

Moreover, Petitioner's claim in the instant petition is now time-barred under state law as the time for filing a petition for review with the Commonwealth Court has also expired. See Pa.R.A.P. 903(a)(notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken). A such, Petitioner is in procedural default for failure to comply with the state filing requirement. See Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991).

"Procedurally defaulted claims cannot be reviewed unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Brown v. Pennsylvania Bd. of Prob. and Parole, 2010 WL 3025617 *2 (E.D. Pa. June 7, 2010) (internal quotations omitted). To demonstrate cause for a procedural default, the petitioner must show that some objective external factor impeded petitioner's efforts to comply with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). "Prejudice" will be satisfied if the habeas petition shows that the outcome was "unreliable or fundamentally unfair" as a result of a violation of federal law. Lockhart v. Fretwell, 506 U.S. 364, 366 (1993). In order to demonstrate a fundamental miscarriage of justice, a petitioner must show that he is actually innocent of the crime by

presenting new evidence of innocence. Schlup v. Delo, 513 U.S. 298 (1995); Keller v. Larkins, 251 F.3d 408, 415 (3d Cir.) cert. denied, 122 S.Ct. 396 (2001).

The Petitioner, however, has not alleged cause or prejudice. Nor has he demonstrated his actual innocence such that a lack of review by the court will constitute a fundamental miscarriage of justice. Accordingly, Rhines' challenge to the decision of the Pennsylvania Board of Probation and Parole must be rejected on the ground that he failed to pursue those issues administratively with the agency, or in the state courts, and has not established appropriate grounds for this Court to consider his claims in the first instance. Consequently, the petition for writ of habeas corpus will be dismissed for failure to seek final administrative review and exhaust state court remedies

A separate Order will be issued.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION     United States District Judge**

**DATE: April 8, 2020**
19-1825-01