# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GARY RHINES** | : |
| Petitioner | : CIVIL ACTION NO. 3:19-1825 |
| v. | : (JUDGE MANNION) |
| **PA. BD. OF PROB. AND PAROLE** | : |
| | : |
| Respondents | |
| | : |

## MEMORANDUM

Petitioner, Gary Rhines, an inmate confined in the State Correctional Institution, Coal Township, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). Rhines challenges a July 29, 2019, decision by the Pennsylvania Board of Probation and Parole, to recalculate his maximum sentence date to be December 28, 2020. Id. By Memorandum and Order dated April 8, 2020, this Court dismissed the petition for writ of habeas corpus for Petitioner's failure to exhaust state court remedies. (Docs. 21, 22). Presently before the Court is Rhines' motion for relief from judgment, pursuant to Fed.R.Civ.P. Rule 60(b)(3). For the reasons outlined below, Petitioner's motion for relief from judgment will be denied.

**I.  Discussion**

Rule 60(b)(3) provides:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

Fed. R. Civ. P. 60(b).

Establishing fraud on a 60(b)(3) motion requires the moving party to present "clear and convincing evidence that the alleged fraud prevented them from 'fully and fairly' presenting their case'." Stridiron v. Stridiron, 698 F.2d 204, 206-07 (3d Cir. 1983).

In support of his assertion that Respondent's response fraudulently asserted that Petitioner failed to file for administrative review with the Board or a petition for review in the Pennsylvania Commonwealth Court, prior to filing the instant action, Petitioner submits a July 30, 2019 Administrative Remedy form, filed with the Board on September 10, 2019. (Doc. 23 at 17). Additionally, Petitioner submits an April 6, 2020 briefing schedule issued by the Pennsylvania Supreme Court, indicating that Petitioner's brief is due on May 18, 2020. (Doc. 23 at 23). Thus, Rhines claims that he is currently before the Pennsylvania Supreme Court appealing the denial of his petition for review. Id. He asks, "that this Court's Order denying his claims within the writ

be vacated because its determination of 'non-exhaustion' was not supported by the certified record." (Doc. 23 at 2).

To properly exhaust a claim involving a determination by the Parole Board, the petitioner must first seek administrative review with the Parole Board within thirty days of the mailing date of the Board's decision. See 37 Pa. Code §73.1(a). Once the Parole Board has rendered a final decision, the petitioner must seek review in the Commonwealth Court. See 42 Pa.C.S.A. §763(a). Unlike appeals and collateral review of convictions, a petitioner challenging the Commonwealth Court's denial of parole relief must seek review in the Pennsylvania Supreme Court in order to satisfy the exhaustion requirement. Pagan v. Pennsylvania Bd. of Prob. and Parole, 2009 WL 210488 *3 (E.D. Pa. January 22, 2009); see also Brown v. Pennsylvania Bd. of Prob. and Parole, 2010 WL 2991166 (E.D. Pa. July 28, 2010). If the petitioner fails to seek review from the Supreme Court of Pennsylvania, then the state claim is unexhausted. See Williams v. Wynder, 232 Fed. App'x. 177, 181 (3d Cir. 2007).

The record reveals that Rhines' petition was dismissed, without prejudice, for his failure to exhaust state court remedies prior to filing his federal habeas corpus action. Although the record before the Court revealed that Petitioner had failed to file any remedy in furtherance of exhaustion, Petitioner now

comes forward with evidence that he began the review process of the Board's July 29, 2019 decision and an appeal from that review is currently pending before the Pennsylvania Supreme Court.

Petitioner's new evidence, however, does not establish that Respondent intended to commit a fraud on this Court and that their conduct prevented Petitioner from fully and fairly presenting his case. See Stridiron, 698 F.2d at 207. In fact, Petitioner's evidence results in the very same conclusion reached in this Court's April 8, 2020 Memorandum and Order; that Petitioner failed to exhaust his state court remedies prior to filing his federal habeas corpus petition.[1] See Whitney v. Horn, 280 F.3d 240, 250 (3d Cir. 2002) (finding that in instances where a prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typically will refuse to entertain a petition for habeas corpus). As such, Petitioner's motion for relief from judgment will be denied.

To the extent that Petitioner seeks a stay and abeyance of the above captioned action "in order to continue exhausting the available state remedies," (Doc. 23 at 2), this Court finds that Petitioner's AEDPA statute of limitations does not begin to run on his parole challenge until the

---

[1] The Court notes, however, that Petitioner's evidence demonstrates that Petitioner's claims are not defaulted and at the conclusion of his state court proceedings, Rhines does have an available remedy in federal court.

- 5 -

Pennsylvania Supreme Court decides his pending petition. Thus, the "stay and abeyance" approach does not need to be utilized in this case since Petitioner's statute of limitations would be tolled while he has a properly filed appeal pending with a state court. See 28 U.S.C. §2244(d)(2); Merritt v. Blaine, 326 F.3d 157 (3d Cir. 2003).

A separate Order will be issued.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: May 27, 2020**
19-1825-02